# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal No. JFM-13-0334 |
| v. | * | Civil No. – JFM-17-1288 |
| | * | |
| JEFFREY GREGORY | * | |

******

## MEMORANDUM

Jeffrey Gregory has filed this motion under 28 U.S.C. §2255. He raises four claims: (1) his trial counsel was ineffective in not moving to dismiss the indictment on vindictive prosecution grounds; (2) his trial counsel was ineffective in failing to seek dismissal of the indictment on the theory that the government had breached an earlier 2010 plea agreement with him; (3) his trial counsel was ineffective in not moving to exclude evidence of his commission of a murder from consideration at sentencing; and (4) his appellate counsel was ineffective in failing to argue the first three claims on appeal. The government has responded to the motion. The motion will be denied.

In the 2010 case Gregory pled guilty to two counts of being a felon in possession of a firearm. Gregory possessed the firearms as the result of his straw purchase made through a female associate. The plea agreement included a cooperation agreement in which Gregory agreed to bring to the attention of the U.S. Attorney's Office "all crimes that he has committed." On January 5, 2011, Gregory was sentenced to 93 months imprisonment.

While the petitioner's federal case was proceeding, Baltimore County authorities were pursuing a murder investigation. Two female witnesses implicated Gregory in the murder. One of the witnesses showed police the wooded area in which Gregory had thrown away the murder

weapon. The Government subsequently recovered it. The original buyer of the firearm was identified as Gregory's female straw purchaser.

The State murder case was subsequently dismissed on technical grounds. The prosecution which is the subject of Gregory's Section 2255 motion was then instituted. Gregory ultimately pled guilty to two counts of the indictment in that case pursuant to Fed. R. Crim. P. 11(C)(1)(c). The plea was a conditional one. It provided for twenty months imprisonment.

The institution of 2013 case was not vindictive and did not breach the 2010 plea agreement. Gregory used the firearm in question to murder someone and did not disclose the murder to the Government. Likewise, trial counsel was not ineffective in seeking to exclude evidence of petitioner's commission of a murder from consideration at sentencing.

Gregory appealed his sentence. The Fourth Circuit affirmed. His appellate counsel was not ineffective in not raising the issues that Gregory outlines because they were without merit.

A separate order denying Gregory's motion is being entered herewith.

Date: _October 4, 2017_          _____
                                  J. Frederick Motz
                                  United States District Judge

FILED
ENTERED
LOGGED RECEIVED

2017 OCT -4 AM 11:43

CLERK'S OFFICE